## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIENNE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | Jury Demand |
| CORPORATION d/b/a AMTRAK, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT AT LAW

NOW COMES, the Plaintiff, ADRIENNE JACKSON, by and through her attorneys, Polansky & Cichon, Chtd., and complaining of the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, herein after referred to as "AMTRAK", states as follows:

1. On and prior to March 6, 2023, Defendant, AMTRAK, owned, possessed, maintained, operated and otherwise controlled a national railroad system and railway commonly known as AMTRAK wherein it transported passengers by rail throughout the United States.

2. Pursuant to 28 USC § 1331, the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to § 1349, the District Courts "shall not have jurisdiction of any Civil Action by or against any Corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than ½ of its capital stock."

Said otherwise, the District Court shall have original jurisdiction of Civil Actions against a corporation where the United States owns more than ½ of the capital stock. See, e.g. *Osborn v. Bank of the United States*, 22 US (9 Wheat) 738 (1824) (Since the Bank of the United States was

created by an Act of Congress any suit to which the bank was a party was a suit arising out the laws of the United States); Pacific Railroad Removal Cases 115 US 1 (1885) (Suits involving Federally chartered corporations, even ones that were privately owned, created federal questions and were within original jurisdiction of the District Courts); see also 13 B.C. Wright, A. Miller, and E. Cooper Federal Practice and Procedure, § 3571, at 176-178 (2nd Edition 1984) ("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation.")

3. AMTRAK was created by an Act of Congress (45 USC § 501 et seq). It was incorporated pursuant to 45 USC § 541 and 542, now codified under 49 USC § 24301, et seq. Additionally the United States is the owner of one half of AMTRAK'S capital stock.

4. Because the United States is the owner of more than one half of AMTRAK'S capital stock, under case law and authority cited, this Court shall have original jurisdiction of this matter. *Atkins v. Illinois Central Railroad Company 326 F.3d 828, 848 (7th Circuit 2003), Estate of Wright v. Illinois Central Railroad, 831 F.Supp 574 (S.D. Mississippi 1993). (*National Railroad Passenger Railroad Company was subject to federal question jurisdiction under § 1331 and 1349.)

5. On March 6, 2023, Plaintiff was a passenger aboard an AMTRAK train originating from San Antonio, Texas and traveling to Alton, Illinois.

6. At all times relevant herein, the Defendant, AMTRAK, owed Plaintiff, ADRIENNE JACKSON, the highest degree of care in regard to her safe transportation aboard said train.

7. On or about March 6, 2023, Plaintiff, ADRIENNE JACKSON, while using the train's restroom, the train was caused to suddenly stop and jolt abruptly and unexpectedly

causing the Plaintiff to violently fall to the floor within said restroom thereby resulting in physical injury.

8. At said time and place, the Defendant, AMTRAK, by and through its agents, servants and employees acting on its behalf, was guilty of one or more of the following careless and negligent acts or omissions:

    a. Suffered and permitted a sudden hard stop to occur;

    b. Failed to warn Plaintiff and other patrons similarly situated of a hard and sudden stop;

    c. Failed to take reasonable precautions and measures so as to avoid sudden maneuvers resulting in the hard and sudden stop while operating said train;

    d. Failed to provide adequate notice to the Plaintiff and other passengers similarly situated that such dangerous maneuvers of said train would occur;

    e. Failed to warn Plaintiff and other passengers similarly situated of the dangerous condition;

    f. Failed to provide handles, stanchions or other assistive devices to hold onto while within said restroom;

    g. Was otherwise careless and negligent.

9. As a direct and proximate result, and in consequence of one or more of said wrongful acts and/or admissions of the Defendant, AMTRAK, by and through its agents and servants acting on its behalf, the Plaintiff, ADRIENNE JACKSON, was caused to slip, trip and/or fall to the ground while attempting to use said restroom causing the Plaintiff to violently fall to the ground, and thereby she was caused to sustain severe and permanent injuries to her body, and as a result of her injuries, the Plaintiff has suffered and with reasonable certainty will continue to suffer great pain and discomfort; and she has been and will be hindered from attending to her normal affairs and duties and from pursuing her usual occupation; and she has

been and will be deprived of large earnings and profits which she otherwise would have realized; and she has incurred and will in the future continue to become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, the Plaintiff, ADRIENNE JACKSON, prays for judgment against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs of this action.

Respectfully submitted,

POLANSKY & CICHON, CHTD.

_____
John T. Cichon, Attorney for Plaintiff

POLANSKY & CICHON CHTD.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 5701
Chicago, IL 60601
(312) 346-9241 – Telephone
(312) 704-4431 – Facsimile
jcichon@polanskycichonlaw.com
ARDC No.: 6205988